## CHEATHAM v. SEAWRIGHT.

1. In an appeal from an order in supplementary proceedings, can this court review the findings of fact by the Circuit Judge?

2. Sureties cannot be required, in supplementary proceedings against their principal, to turn over to a receiver, personal property put into their hands by their principal as an indemnity, until they have been relieved of their liability for him.

3. There was no error in allowing to these sureties their fees and disbursements as witnesses, and also "a fixed sum not exceeding $30"— to wit, $10 ( *Code,* § 321); and it was not error to denominate this fixed sum, "costs."

4. But this order was erroneous in so far as it directed judgment to be entered and execution issued for these fees, &c., because this is not the remedy which the statute authorizes, and because this order was passed at chambers.

Before WALLACE, J., Abbeville, June, 1888.

The opinion fully states the case.

*Messrs. Graydon & Graydon,* for appellant.

*Mr. Eugene B. Gary,* contra.

January 9, 1889. The opinion of the court was delivered by
MR. JUSTICE MCIVER. The appellant having recovered a
judgment against M. M. Seawright, upon which there was a con-
siderable balance due and unpaid, instituted proceedings supple-
mentary to the execution issued to enforce such judgment, and
upon an affidavit alleging that the respondents, B. L. Morrison
and Basil Maddox, had in their hands property, in the form of
money, to an amount exceeding ten dollars, belonging to the
judgment debtor, obtained an order from Judge Wallace requir-
ing said respondents to appear before a referee appointed for that
purpose, and answer concerning the same. Respondents appeared
and answered, denying that they had any money or other pro-
perty in their hands belonging to the judgment debtor, but it
also appeared that these respondents had become sureties on the
bond of Seawright, the judgment debtor, given for the delivery
of certain property levied on under appellant's judgment, and
that Seawright, for the purpose of indemnifying his sureties,
delivered to them four bales of cotton to do with as they might
choose. Respondents subsequently sold the cotton and used the
proceeds of the sale.

Upon hearing the testimony taken by the referee and argu-
ment of counsel, Judge Wallace, at chambers, granted the follow-
ing order: "After hearing argument of counsel in the supple-
mentary proceedings herein, and it appearing to my satisfaction
that the testimony herein fails to show that B. L. Morrison and
Basil Maddox had in their hands, at the time of the commence-
ment of these proceedings, any property of the said M. M. Sea-
wright * * * It is ordered that the motion herein for an order
requiring the said B. L. Morrison and Basil Maddox to surrender
the property alleged to have been in their hands belonging to M. M.
Seawright at the time of the commencement of these proceedings,
be and is hereby refused, and the proceedings herein dismissed.
It is further ordered, that said B. L. Morrison and Basil Mad-
dox be allowed their fees as witnesses, their disbursements here-

in, and also the sum of ten dollars, which is ordered to be paid by said J. H. Cheatham, and leave is hereby given said parties to enter up their judgment and issue execution for the same."

From that order this appeal has been taken on the following grounds: "I. Because it was error * * to refuse to require B. L. Morrison and Basil Maddox to turn over the money in their hands belonging to M. M. Seawright to be applied to the judgment of the plaintiff herein. II. Because it was error * * to hold that because B. L. Morrison and Basil Maddox said they had spent the money, although they admitted that it had been turned over to them, that he did not have the power to require them to turn the money over to be applied to the judgment in this case. III. Because the evidence showed that B. L. Morrison and Basil Maddox were in possession of money belonging to M. M. Seawright, the judgment debtor, and it was error in Judge Wallace not so to find and to require them to turn over the money to be applied to the judgment of the plaintiff. IV. Because it was error * * to allow witness fees and disbursements to B. L. Morrison and Basil Maddox. V. Because it was error. * * to allow them ten dollars as the cost of the motion, and witness fees and disbursements, and allow them to enter up judgment and issue execution against plaintiff for the same."

The first ground is based upon the assumption of a fact which the Circuit Judge not only did not find, but found the contrary, and cannot therefore be sustained. The second ground is based upon a ruling which the Circuit Judged is assumed to have made, which we do not see that he made, and therefore need not be considered.

The third ground assails the correctness of the finding of fact by the Circuit Judge, and while we are not prepared to say that we have any jurisdiction to review findings of fact in a proceeding like this, and assuming that we have such jurisdiction, we think the practical conclusion reached by the Circuit Judge was correct. As we understand it, the money which appellant claims as applicable to his judgment was the proceeds of the sale of the cotton which had been placed in the hands of respondents by the judgment debtor to indemnify them against any liability which they might incur as sureties on his bond, and until it was shown

that the respondents had been relieved of such liability, neither the judgment debtor nor his creditor could successfully assert any claim to the property or its proceeds, placed in their hands as an indemnity. It was stated at the bar, in the course of the argument, that an action was now pending against respondents on the bond, and surely no court would require them to pay over the fund which was designed to relieve them from liability in such action. But whether such an action be pending or not, respondents cannot be required to surrender the property, or its proceeds, placed in their hands as indemnity against their liability on the bond, until it was shown that they had been relieved from such liability; and no such showing was made in this case. We think, therefore, that Judge Wallace was right in refusing to require respondents to apply the proceeds of the sale of the cotton to appellant's judgment.

The fourth and the first branch of the fifth ground, which impute error in allowing to respondents witness fees and disbursements, in addition to the sum of ten dollars, are, we think, effectually disposed of by the express terms of section 321 of the Code of Procedure, which reads as follows: "The judge may allow to the judgment creditor, or to any party so examined, whether a party to the action or not, witness fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as costs." This was precisely what Judge Wallace did. He allowed to respondents, who were examined, though not parties to the action, "witness fees and disbursements," and in addition thereto a fixed sum, not exceeding thirty dollars, to wit, ten dollars. It is true, he did not specially designate the additional sum of ten dollars "as costs," but surely that was a matter of no consequence. See *Dauntless Man'f. Company* v. *Davis* (24 S. C., 541), where the additional sum allowed was designated as "disbursements" instead of "costs," and the order was approved by this court.

The second branch of the fifth ground of appeal, which alleges error in allowing respondents to enter up judgment and issue execution against appellant for the witness fees, disbursements, and additional allowance of ten dollars, which appellant was properly ordered to pay to respondents, presents a more serious

question.   We do not find in that chapter of the code which
regulates proceedings supplementary to an execution any pro-
vision for the entry of judgment and the issuing of execution for
any amounts ordered to be paid in the course of such proceed-
ings, either by way of costs or otherwise.   On the contrary, sec-
tion 322 of the Code, found in that chapter, which reads as fol-
lows : "If any person, party, or witness disobey an order of the
judge or referee, duly served, such person, party, or witness may
be punished by the judge as for a contempt," &c., seems to imply
that all orders made in supplementary proceedings are to be en-
forced, not by judgment and execution, but by attachment for
contempt.   Again, we know of no case in which a judge, sitting
at chambers, can render a judgment enforcible by execution,
except where such power has been expressly conferred.   It seems
to us, therefore, that in so far as the order appealed from grants
leave to respondents to enter up judgment and issue execution
against appellant for the amounts ordered to be paid by him, it
was erroneous, and should in this respect only be modified.

The judgment of this court is, that the order appealed from,
except as modified herein, be affirmed.